FRANCES McKIERNAN, RESPONDENT, v. BENJAMIN W. ROBINSON AND OTHERS, APPELLANTS.

*Leave to bring an action at law on guaranty, after one has been brought to foreclose a mortgage—when it should be granted nunc pro tunc after the latter action has been commenced.*

APPEAL from an order made at Special Term, denying a motion to vacate and set aside an *ex parte* order made by Justice COOK, granting leave to the plaintiff to prosecute an action at law, in the Marine Court of the city of New York, against John Fraser, *nunc pro tunc*, as of May 10, 1880, without prejudice to proceedings already had.

John Fraser, the defendant, by an assignment dated June 4, 1870, in consideration of $3,700, assigned to Frances McKiernan, the plaintiff, a mortgage executed by Benjamin W. Robinson to Abbey Welwood, dated January 30, 1867, given to secure the bond of the said Robinson to her, conditioned for the payment of $4,500, on or before February 1, 1873, with interest at 7 per cent. half yearly. This mortgage had been assigned by the said Welwood to one Downing, and by him to Fraser. In the assignment to Mrs. McKiernan the defendant covenanted that there remained due of principal $3,700, with interest from February 1, 1870, and there was a guaranty in these words: " And I do further guarantee to the said party of the second part the punctual payment of said principal and interest." In August, 1879, the plaintiff commenced an action for the foreclosure of the mortgage. Fraser, by the permission of the plaintiff, managed the foreclosure action and left out his own name as one of the defendants. He told the attorney that Mrs. McKiernan, the plaintiff, was willing to wait for her money until he, Fraser, could foreclose and sell the property. At

the sale the property did not bring enough to pay the mortgage debt. The plaintiff then sued Fraser upon the covenants, without having obtained leave of the Supreme Court according to the provision of the Revised Statutes, his failure so to do being set up by Fraser in his answer, as a defense to the action. After the action was at issue the plaintiff obtained, *ex parte,* an order giving him leave to sue *nunc pro tunc.* Fraser applied to set the order aside as irregular and improper, and his application having been denied, he brought this appeal.

The court, at General Term, said : " The only point presented is whether the *ex parte* order was right. The facts show a clear case where the order should have been given. Fraser owed the money ; he was not made a defendant in the foreclosure suit at his own request, and upon the pretense that he would pay plaintiff after the sale. He neither bid in the property nor paid the mortgage debt. There is no reason why he should not be sued. He was not entitled to notice in the foreclosure action, as he was not a party to it. No injustice has been done by the *ex parte* order. If it be vacated, and the pending action defeated by reason thereof, there would be no gain to Fraser beyond the cost of the pending action. It would then take three actions to accomplish a result which one should have accomplished. It was proper to grant the order *nunc pro tunc.* The merits were not involved. If it was proper to grant the order, it was proper to grant it to supply an omission to procure it in time. (*Earl* v. *David,* 20 Hun, 529.)"

*James C. Hays,* for John Fraser, appellants.

*John Hamilton,* for the respondent.

Opinion by BARNARD, P. J. ; DYKMAN, J., concurred ; GILBERT, J., not sitting.

Order affirmed, with costs and disbursements.